1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEMA SUETOS,

11          Plaintiff,                    No. CIV S-09-0727 MCE DAD PS

12          v.

13   BANK OF AMERICA
     NATIONAL ASSOCIATION, et al.,        ORDER AND
14
            Defendants.                   FINDINGS AND RECOMMENDATIONS
15   _____/

16          On March 17, 2009, plaintiff, proceeding pro se, filed this action and paid the

17   required filing fee.  The Clerk issued summons for nine defendants.  The case was referred to the

18   undersigned pursuant to Local Rule 302(c)(21).

19          Five defendants have filed motions to dismiss pursuant to Federal Rule of Civil

20   Procedure 12(b)(6).  On May 22, 2009, the case came before the court for hearing on the

21   amended motion to dismiss filed by defendant Bank of America, N.A. (Doc. No. 20).  Jason M.

22   Julian, Esq. appeared telephonically for the defendant.  On June 5, 2009, the case came before

23   the court for hearing on the motion to dismiss filed by defendant JPMorgan Chase Bank, N.A.

24   (Doc. No. 21).  Valerie Brennan, Esq. appeared telephonically for moving defendant JPMorgan

25   Chase Bank, and Jason Julian, Esq. appeared telephonically for defendant Bank of America N.A.

26   On July 9, 2009, the case came before the court for hearing on the motion to dismiss filed by

1   defendant Mortgage Electronic Registration Systems, Inc. (Doc. No. 36).  Geoffrey Brethren,

2   Esq. appeared for moving defendant Mortgage Electronic Registration Systems, Inc., and Jason

3   Julian, Esq. appeared telephonically for defendant Bank of America, N.A.  On August 14, 2009,

4   the case came before the court for hearing on the re-noticed motion to dismiss complaint and to

5   expunge lis pendens filed by defendants Lehman Brothers Bank FSB and Aurora Loan Services,

6   LLC (Doc. No. 10).  Victoria Edwards, Esq. appeared telephonically for defendants Aurora Loan

7   Services, LLC (formerly known as Aurora Loan Services, Inc.) and Aurora Bank (formerly

8   known as Lehman Brothers Bank FSB).  Plaintiff did not appear for any of the hearings.

9           Upon consideration of all written materials filed in connection with the motions,

10   the arguments at the hearing, and the entire file, the undersigned recommends that all of

11   defendants' motions to dismiss be granted and this action be dismissed with prejudice.

12           LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS TO DISMISS

13           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

14   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

15   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

16   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

17   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

18   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

19   a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

20   plaintiff's claims, even if the plaintiff's allegations are true.

21           In determining whether a complaint states a claim on which relief may be granted,

22   the court accepts as true the allegations in the complaint and construes the allegations in the light

23   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

24   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

25   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

26   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

2

form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[1]

## PLAINTIFF'S COMPLAINT

Plaintiff's claims arise from non-judicial foreclosure proceedings on a mortgage loan she obtained in 2006.  At some point, plaintiff became unable to pay her monthly payments in full.  In March 2008, plaintiff received a notice of default and election to sell under deed of trust.  (Compl. (Doc. No. 1) ¶¶ 21-22, 33-34.)  Plaintiff alleges defects in the processing of her

---

[1]   In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

1   mortgage loan in 2006 and the default process in 2008.  (Id. ¶¶ 23, 29-32, 35-41.)  Plaintiff

2   alleges that she has suffered harm and incurred a loss.  (Id. ¶ 45.)

3         By her first and second claims for relief, asserted against all defendants, plaintiff

4   seeks rescission of the loan transaction at issue and other statutory relief under the Truth in

5   Lending Act (TILA), 15 U.S.C. §§ 1601, et seq.  (Id. ¶¶ 46-57.)  In her third claim for relief,

6   plaintiff alleges claims against all defendants under the Fair Debt Collection Practices Act

7   (FDCPA), 15 U.S.C. §§ 1692, et seq.  (Id. ¶¶ 58-60.)  In addition to these federal claims, plaintiff

8   alleges conclusory claims of fraud, misrepresentation, and deceit, for which she seeks injunctive

9   relief, including restitution and recoupment, and damages under California Business and

10  Professions Code §§ 17200, et seq.  (Id. ¶¶ 61-81.)

11        Plaintiff prays for rescission of the loan transaction, termination of any security

12  interest in the property created by the loan transaction, an order requiring defendants to return

13  any property or money given by plaintiff to defendants in connection with the loan transaction,

14  statutory damages of at least $2,000 for the disclosure violations, statutory damages of at least

15  $2,000 "if Defendants fail to respond properly to Plaintiff's rescission notice," statutory damages

16  under the FDCPA, statutory damages provided by California's Unfair Competition Law,

17  injunctive relief restraining the defendants from recording any deeds or mortgages on plaintiff's

18  property and from taking any steps to deprive plaintiff of ownership of her property, and actual

19  damages.  (Id. at 23-24.)

20                    PLAINTIFF'S FAILURE TO OPPOSE DEFENDANTS' MOTIONS

21        Defendants filed their motions to dismiss between April 13, 2009, and June 5,

22  2009.  Plaintiff did not file written opposition to any of the motions and did not appear at any of

23  the hearings held on the motions between May 22, 2009, and August 14, 2009.  It appears from

24  the court's docket for this case that plaintiff filed two returns of service on May 21, 2009, but has

25  filed nothing else with the court since this action was commenced on March 17, 2009.

26  /////

1    Plaintiff's failure to appear at the four hearings on defendants' motions may, in

2  the discretion of the court, be deemed a statement of no opposition to the granting of the motions.

3  See Local Rule 230(i).  An inference of non-opposition in the present case is supported by

4  plaintiff's failure to file written opposition to the four motions.  See Local Rule 230(c) ("No

5  party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the

6  motion has not been timely filed by that party.").

7                                          ANALYSIS

8    The undersigned finds that plaintiff's failure to file written opposition and failure

9  to appear at the hearings on defendants' motions to dismiss, considered together with plaintiff's

10  failure to participate in this action since filing it, should be deemed a statement of no opposition

11  to the granting of all of defendants' motions.  Nonetheless, in light of plaintiff's pro se status, the

12  undersigned has reviewed defendants' arguments and addresses them briefly below.

13    Each defendant has requested judicial notice of documents related to the matters

14  at issue.  (Docs. No. 10 Parts 2-6, 14, 22, 39.)  Defendants' requests for judicial notice will be

15  granted pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d

16  668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public

17  record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to

18  dismiss, the court may take judicial notice of matters of public record outside the pleadings).

19  I.  Defendant Bank of America, N.A.

20    Defendant Bank of America, N.A. contends that plaintiff (1) is not entitled to

21  rescission under TILA because she is unable to tender the proceeds of her loan, (2) is not entitled

22  to damages under TILA because the one-year statute of limitations for monetary damages has

23  expired, (3) does not have a viable FDCPA claim because the activity of foreclosing on a

24  property pursuant to a deed of trust is not the collection of a debt within the meaning of the

25  statute, and (4) alleges state unfair competition claims that are preempted by TILA and FDCPA

26  because they are based solely on alleged violations of those two federal statutes.

1          The undersigned finds defendant Bank of America's  arguments to be well taken.

2    First, although plaintiff complains of "Defendants' failure to provide accurate material

3    disclosures so that Plaintiff may tender any balance and extinguish the Transaction by operation

4    of law" (Compl. ¶ 43), plaintiff does not allege, and has not claimed in opposition to defendant's

5    motion, that she was or is able to tender the proceeds of her loan.  Plaintiff's claim for rescission

6    is therefore barred.  See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003)

7    (holding that rescission under TILA "*should* be conditioned on repayment of the amounts

8    advanced by the lender" and explaining that, because rescission is a remedy that restores the

9    status quo ante, a borrower seeking rescission is required to allege ability to tender the loan

10   proceeds).

11         Second, plaintiff's TILA claim for damages is barred because a suit for such

12   damages must be filed within one year following the alleged violation.  15 U.S.C. § 1640(e).

13   The failure to make required disclosures for purposes of a damages claim under TILA occurs on

14   the date the loan documents are signed, because on that date the buyer is in possession of all

15   information relevant to they buyer's discovery of the TILA violation and the basis for a damages

16   claim.  Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003).  Here, plaintiff

17   commenced this suit more than two years after the alleged violations occurred, and more than

18   one year after the statute of limitations expired.

19         Third, the FDCPA does not apply to non-judicial foreclosure proceedings since a

20   debt collector for purposes of the Act does not include the consumer's creditors, a mortgage

21   servicing company, or an assignee of a debt, as long as the debt was not in default at the time it

22   was assigned.  See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.), modified on other

23   grounds, 761 F.2d 237 (5th Cir. 1985); Lal v. Am. Home Servicing, ___ F. Supp. 2d ___, ___,

24   No. 2:09-cv-01585-MCE-DAD, 2010 WL 225524, at *5 (E.D. Cal. Jan. 19, 2010); Mansour v.

25   Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009); Izenberg v. ETS

26   Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Kuder v. Washington Mut. Bank, No.

CIV S-08-3087 LKK DAD PS, 2009 WL 2868730, at *3 (E.D. Cal. Sept. 2, 2009); Gamboa v. Trustee Corps, No. 09-0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009); Tina v. Countrywide Home Loans, Inc., No. 08 CV 1233 JM (NLS), 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008); Caligiuri v. Wells Fargo Bank, N.A., Civ. No. 07-3061-PA, 2008 WL 219613, at *2 (D. Or. Jan. 24, 2008); Miller v. Northwest Trustee Servs., Inc., No. CV-05-5043-RHW, 2005 WL 1711131, at *3 (E.D. Wash. July 20, 2005).  Plaintiff in this case has not disputed defendant Bank of America, N.A.'s assertion that it merely provided a line of credit to plaintiff and, although that line of credit was secured by the same home now subject to foreclosure, was not involved in any way with the loan or loans that gave rise to the foreclosure proceedings.

Fourth, California's Unfair Competition Law (UCL), California Business and Professions Code § 17200, proscribes unlawful business practices by borrowing violations of other laws and making them independently actionable under the UCL.  Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (Cal. 1999).  If a plaintiff fails to establish a violation of some other law, the allegation of a UCL claim will also fail.  Because plaintiff has not stated a viable TILA or FDCPA claim, there is no underlying cause of action on which to predicate liability under the UCL.

II.  Defendant JPMorgan Chase Bank, N.A.

Defendant JPMorgan Chase Bank, N.A. contends that (1) plaintiff's TILA claims against it fail because the defendant is not the original creditor or an assignee creditor on plaintiff's loans, has no relationship to the original creditors or assignee creditors, and had no involvement with the subject loans or subject property, (2) plaintiff's TILA claims for damages are barred by the statute of limitations, (3) rescission under TILA is not proper unless plaintiff can make a tender offer, (4) plaintiff's FDCPA claim fails because the act of foreclosing on a property cannot be the basis of an FDCPA claim and defendant had no involvement with the subject loans or subject property, and (5) plaintiff's claim under California Business and Professions Code §§ 17200, et seq. fails because plaintiff did not allege facts that establish a

violation of an independent law and a pattern, course of conduct, or business practice.

The undersigned finds defendant JPMorgan Chase Bank's arguments meritorious for the same reasons that defendant Bank of America's arguments, set forth above, are meritorious.

III.  Defendant Mortgage Electronic Registration Systems, Inc.

Defendant Mortgage Electronic Registration Systems, Inc. (MERS) offers the following arguments:  (1) plaintiff lacks standing to bring this action because she failed to abandon her claims in her Chapter 7 bankruptcy petition; (2) plaintiff's claim for rescission based on TILA violations fails because plaintiff's loan was a purchase money loan, plaintiff has not alleged ability to tender, and no fiduciary duty is owed to plaintiff by defendant MERS; (3) plaintiff's claim for damages under TILA is time barred; (4) plaintiff's claim for violation of the FDCPA fails to state a claim because defendant MERS is not a debt collector for purposes of the FDCPA, and the act of foreclosing is not a debt collection; (5) plaintiff's claim for violation of state law fails because defendant MERS was not involved in the loan origination and the claim has not been alleged with sufficient specificity.

Defendant MERS notes that plaintiff filed a Chapter 7 bankruptcy petition on March 16, 2009, one day prior to filing this action, and plaintiff did not include in her schedule of assets and liabilities any reference to the claims alleged in this case.[2]  Defendant MERS points to plaintiff's omission from the bankruptcy schedule and argues that plaintiff lost ownership of the claims alleged in her complaint once she commenced bankruptcy and that the claims now belong to the bankruptcy trustee.  11 U.S.C. § 541(a)(1) (providing that upon filing a petition for bankruptcy, the property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case").  Defendant MERS asserts that even if a debtor tries to bring a claim as an unscheduled asset, the claim defaults to the bankruptcy estate

---

[2]  Defendant's request for judicial notice includes copies of plaintiff's bankruptcy petition and schedules.  (Def't MERS' Request for Judicial Notice (Doc. No. 38), Exs. 6 & 7.)

1  and falls under the control of the bankruptcy trustee.

2        The undersigned finds the arguments advanced by defendant MERS, like those of

3  defendants Bank of America and JPMorgan Chase Bank set forth above, are meritorious.  If

4  plaintiff has standing to litigate this action, she has not alleged facts that state a claim upon which

5  relief can be granted against defendant MERS.

6  IV.  Defendants Aurora Loan Services, LLC and Aurora Bank

7        Defendants Aurora Loan Services, LLC and Aurora Bank (Aurora defendants)

8  argue that (1) plaintiff lacks standing to pursue the claims alleged in her complaint because she

9  failed to have the claims abandoned in her bankruptcy proceedings; (2) plaintiff's unclean hands

10 prevent her from bringing this action; (3) plaintiff is barred from bringing all of her claims

11 because she failed to tender or offer to tender the amounts due on the loan prior to bringing the

12 action; (4) plaintiff's origination-based TILA claims in Counts 1 and 2 fail against Aurora Loan

13 Services because Aurora Loan Services only serviced the loan; (5) plaintiff's TILA claims in

14 Counts 1 and 2 fail against defendant Aurora Bank (formerly known as Lehman Brothers Bank,

15 FSB) because, contrary to plaintiff's allegations, she received the required disclosures; (6)

16 plaintiff's rescission claim in Count 1 fails because rescission is not allowed for purchase money

17 transactions, neither Aurora nor Lehman owed plaintiff any fiduciary duty, and Aurora was not a

18 party to the relevant contracts; (7) plaintiff's second claim under TILA is time-barred; (8)

19 plaintiff's third claim for violation of the FDCPA fails because neither Aurora nor Lehman is a

20 debt collector under the Act and initiation of foreclosure process does not constitute "debt

21 collection"; and (9) plaintiff's allegations under the California unfair business practices statute

22 fail because they do not apply to Aurora as servicer of the loan, are based on duties not owed to

23 plaintiff, are factually deficient, fail to allege sufficient predicate violations, and are preempted.

24        The arguments of the Aurora defendants in support of dismissal of plaintiff's

25 claims are meritorious for the same reasons discussed above.  If plaintiff has standing to litigate

26 this action, she has not alleged facts that state a claim upon which relief can be granted against

1  defendants Aurora Loan Services, LLC and Aurora Bank, formerly known as Lehman Brothers

2  Bank, FSB.

3  V.  Aurora Defendants' Motion to Expunge Lis Pendens

4          The Aurora defendants contend that plaintiff's notice of lis pendens should be

5  expunged because the complaint does not prove the probable validity of any real property claim

6  by a preponderance of the evidence.

7          "A party to an action who asserts a real property claim may record a notice of

8  pendency of action [lis pendens] in which that real property claim is alleged."  Cal. Code Civ.

9  Proc. § 405.20.  The purpose of a lis pendens notice is to provide constructive notice of a

10  pending claim that may affect title or right to possession of the real property described in the lis

11  pendens notice.  La Paglia v. Superior Court, 215 Cal. App. 3d 1322, 1326 (1989), overruled on

12  other grounds by Lewis v. Superior Court, 19 Cal. 4th 1232, 1243-44, 1258 n.17 (1999).

13  However, the party who records a notice of lis pendens must prove the existence of a real

14  property claim based on the allegations of the complaint.  Urez Corp. v. Superior Court, 190 Cal.

15  App. 3d 1141, 1149 (1987).  The claimant must establish "the probable validity" of the real

16  property claim "by a preponderance of the evidence."  Cal. Code Civ. Proc. § 405.32.  "[T]he

17  court shall order the notice expunged if the court finds that the pleading on which the notice is

18  based does not contain a real property claim."  Cal. Code Civ. Proc. § 405.31.

19          Because plaintiff has attempted to state claims relating to the mortgage of her

20  home, the undersigned finds that her claims pertain to real property and could conceivably have

21  formed the basis of a lis pendens.  See Marks v. Ocwen Loan Servicing, No. C 07-02133 SI,

22  2007 WL 2409523 at *5 (N.D. Cal. Aug. 21, 2007).  Plaintiff must nonetheless establish by a

23  preponderance of the evidence the probable validity of her real property claims.  She has made no

24  effort to do so, and the undersigned has concluded that plaintiff's complaint does not establish

25  the probable validity of any of her claims.  The undersigned will therefore recommend that the

26  assigned district judge grant defendants' motions to dismiss as well as the Aurora defendants'

1   motion to expunge the notice of lis pendens.  See Ziello v. Superior Court, 36 Cal. App. 4th 321,

2   331-32 (1995) ("[T]he court shall order that a notice of lis pendens 'be expunged if the court

3   finds that the claimant has not established by a preponderance of the evidence the probable

4   validity of the real property claim.'")  Particularly in light of plaintiff's pro se status, however,

5   the undersigned declines to recommend that the court entertain a further motion by defendants

6   Aurora Loan Services, LLC and Aurora Bank, formerly known as Lehman Brothers Bank, FSB,

7   for their attorney fees.

8         The undersigned has carefully considered whether plaintiff may amend her

9   complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

10   to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

11   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

12   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

13   while leave to amend shall be freely given, the court does not have to allow futile amendments).

14   Leave to amend would clearly be futile in this instance given the numerous deficiencies of

15   plaintiff's complaint discussed above.  The undersigned will therefore recommend that plaintiff's

16   complaint be dismissed in its entirety with prejudice.

17                                         CONCLUSION

18         For the reasons set forth above, IT IS HEREBY ORDERED that defendants'

19   requests for judicial notice (Docs. No. 10 Part 2, 14, 22, and 38) are granted; and

20         IT IS RECOMMENDED that:

21         1.  The motions to dismiss and to expunge lis pendens (Doc. No. 10) filed on

22   April 13, 2009, by defendants Aurora Loan Services LLC (formerly known as Aurora Loan

23   Services, Inc.) and Lehman Brothers Bank, FSB be granted;

24         2.  Defendant Bank of America, N.A.'s April 20, 2009 amended motion to

25   dismiss (Doc. No. 20) be granted;

26   /////

1    3.  Defendant JPMorgan Chase Bank, N.A.'s May 5, 2009 motion to dismiss

2  (Doc. No. 21) be granted;

3    4.  Defendant Mortgage Electronic Registration System, Inc.'s June 5, 2009

4  motion to dismiss (Doc. No. 36) be granted;

5    5.  The court enter an order expunging the lis pendens notice recorded against the

6  subject property; and

7    6.  This action be dismissed with prejudice.

8    These findings and recommendations will be submitted to the United States

9  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

10  seven days after being served with these findings and recommendations, any party may file and

11  serve written objections with the court.  A document containing objections should be titled

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

13  shall be filed and served within seven days after the objections are served.  The parties are

14  advised that failure to file objections within the specified time may, under certain circumstances,

15  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

16  Cir. 1991).

17  DATED: March 8, 2010.

18

19                                                 Dale A. Drozd
                                    _____
20                                  DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
21  DAD:kw
    Ddad1/orders.pro se/suetos0727.f&r.motsgr
22

23

24

25

26